UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERESA JEAN BEAL**,<br>     Plaintiff,<br><br>     v.<br><br>**CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY**,<br>     Defendant. | Case No. 14-cv-04437-YGR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES**<br><br>Re: Dkt. No. 31 |

On June 23, 2016, plaintiff Teresa Jean Beal filed a motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"). (Dkt. No. 31.) Plaintiff requests the Court award her reasonable attorney's fees in the amount of $6,528.34 and costs in the amount of $451.33. The Commissioner opposes. Having carefully considered the papers submitted and the record in this case, the Court **GRANTS** plaintiff's motion.

**I.     BACKGROUND**

In 2010, plaintiff filed applications for disability insurance benefits claiming that she had been disabled since April 15, 2008. In a decision dated September 21, 2011, the Administrative Law Judge ("ALJ") found that plaintiff was not disabled. On November 14, 2011, plaintiff requested review of the ALJ's decision with the Appeals Council ("AC"). The AC denied her request on July 31, 2013. Plaintiff submitted additional documentation to the AC requesting that her file be reopened, and on August 27, 2014, the AC informed plaintiff that it found no grounds upon which to reopen the file.[1] Plaintiff then sought review of the ALJ's decision in this Court.

On November 10, 2015, this Court issued an order granting in part plaintiff's motion for

---

[1] Because the AC denied review, the ALJ's decision became the final decision of the Commissioner of Social Security. *See Meier v. Colvin*, 727 F.3d 867, 871 (9th Cir. 2013).

1    summary judgment and remanding the case to the ALJ to address properly the ALJ's (i) failure to
2    accept or reject explicitly the opinions of Dr. Wang, plaintiff's treating cardiologist and (ii)
3    decision to discount the opinions of Dr. Sanchez, who conducted a psychological consultative
4    examination.  (Dkt. No. 21 at 10, 12.)

5    Dr. Wang opined that plaintiff's cardiac symptoms—including fatigue, weakness,
6    dizziness, and shortness of breath—frequently interfered with her attention and concentration.  (*Id.*
7    at 10.)  The ALJ did not cite to or directly address Dr. Wang's opinions, and thus, the Court found
8    that it could not "determine whether the ALJ properly rejected Dr. Wang's opinions, improperly
9    rejected them without a specific, legitimate basis, or overlooked them entirely."  (*Id.*)  The Court
10   explained that Dr. Wang's opinions were directly relevant to the ALJ's "fact-specific overall
11   functionality assessment," and therefore, the Court could not ascertain whether any error with
12   respect to Dr. Wang's opinions was harmless.  (*Id.*)

13   Dr. Sanchez opined that plaintiff would have had difficulty being socially appropriate or
14   tolerating work stress due to her preoccupation with pain.  (*Id.* at 12.)  The ALJ gave "some
15   weight, but not full weight" to the opinion explaining that there was no evidence suggesting that
16   plaintiff was unable to tolerate work stress or interact appropriately with others.  (*Id.*)  The Court
17   found that it could not "definitively ascertain the complete basis for the ALJ's decision to discount
18   Dr. Sanchez's opinion."  (*Id.*)

19   Based on the deficiencies in the ALJ's order relative to Dr. Wang and Dr. Sanchez, the
20   Court granted in part plaintiff's motion for summary judgment and remanded to the ALJ for
21   further proceedings.

22   **II.    DISCUSSION**

23   In any action brought by or against the United States, the EAJA provides that "a court shall
24   award to a prevailing party other than the United States fees and other expenses . . . unless the
25   court finds that the position of the United States was substantially justified or that special
26   circumstances make an award unjust."  28 U.S.C. § 2812(d)(1)(A).

27   The parties do not dispute that plaintiff was the prevailing party by virtue of the Court's
28

reversal and remand to the ALJ.[2]  The parties also do not dispute that plaintiff's calculation of fees is reasonable, if the Court finds that fees should be awarded.[3]  Rather, the Commissioner opposes the instant motion on grounds that the government's position was substantially justified.  Should the Court award fees, the Commissioner argues that the fees should be paid directly to plaintiff and not to her counsel.  The Court addresses each of the Commissioner's arguments, in turn.

### A. Substantial Justification

The term "substantially justified" does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted).  A substantially justified position must have a "reasonable basis both in law and fact." *Id.*  The standard can be satisfied if there is a "genuine dispute" or if "reasonable people could differ as to the appropriateness of the contested action." *Id.* (internal quotations and alterations omitted).  The fact that one court disagreed with the government "does not establish whether its position was substantially justified." *Id.* at 569.  "The language of the EAJA creates a presumption in favor of awarding attorneys' fees, and therefore the burden of establishing substantial justification is placed with the government." *Campos v. Colvin*, No. 13-CV-03327, 2015 WL 2266692, at *1 (N.D. Cal. May 14, 2015); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (the government bears

---

[2] "[A] party is eligible for fees under EAJA if he wins at any intermediate stage in the proceedings." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998).

[3] The Court, having done its own review, concurs that the amount of requested attorney's fees is reasonable.  Plaintiff requests attorney's fees for 45.75 hours of work at an average hourly rate of approximately $190.26 per hour, charging $190.06 for hours worked in 2014 and $190.28 for hours worked in 2015 and 2016.  The Ninth Circuit set the maximum hourly rates under the EAJA as $190.06 in 2014, $190.28 in 2015, and $191.70 for the first half of 2016.  *See* Statutory Maximum Rates under the Equal Access to Justice Act, United States Courts for the Ninth Circuit, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.  Additionally, plaintiff's counsel voluntarily reduced the fee by 25% because the Court did not enter an order on all issues raised in plaintiff's cross-motion for summary judgment, resulting in a total sum of $6,528.34.  Plaintiff's request here is comparable to other cases in which courts in this District have awarded fees under the EAJA.  *See, e.g.*, *White v. Colvin*, No. 14-CV-05584, 2015 WL 7429392, at *3 (N.D. Cal. Nov. 23, 2015) (48.44 hours of attorney's fees in the amount of $9853.31 was not excessive or unreasonable); *Palomares v. Astrue*, No. 11-CV-4515, 2012 WL 6599552, at *8–9 (N.D. Cal. Dec. 18, 2012) (37.9 hours of attorney's fees in the amount of $6953.63 was reasonable); *Afanador v. Sullivan*, 809 F. Supp. 61, 66 (N.D. Cal. 1992) (granting EAJA fees for 22.3 hours of work performed by plaintiff's attorney and 9.5 hours performed by attorney's clerk).

3

the burden of showing that its position was substantially justified under EAJA).

Here, the Court remanded the action based on the ALJ's failure to (i) address the opinions of Dr. Wang—plaintiff's treating cardiologist; and (ii) explain his bases for discounting Dr. Sanchez's opinions. The Ninth Circuit has held that an ALJ's failure to "offer specific and legitimate reasons, supported by substantial evidence, for rejecting [a treating physician's] opinion" warranted a finding that the "government's underlying action was not substantially justified." *Meier*, 727 F.3d at 872. Moreover, the Ninth Circuit has held that an ALJ's failure to make a specific finding in a disability case is a "serious" procedural error. *Shafer v. Astrue*, 518 F.3d 1067, 1071–72 (9th Cir. 2008) (holding that ALJ committed "fundamental procedural errors" by failing to provide "clear and convincing reasons" for rejecting a treating physician's opinion, and reversing district court's denial of attorney's fees under the EAJA); *Corbin*, 149 F.3d at 1053 (holding that the "failure to make findings and weigh evidence" are "serious" procedural errors). "[T]he defense of basic and fundamental errors such as [the failure to make findings and weigh evidence] is difficult to justify." *Corbin*, 149 F.3d at 1053.

The cases upon which the Commissioner relies in opposition are factually distinguishable and therefore do not persuade. In both *Lewis v. Barnhart*, 281 F.3d 1081 (9th Cir. 2002) and *Hardisty v. Astrue*, 592 F.3d 1072 (9th Cir. 2010), the ALJ made specific, fact-based findings, supported by the record, even though the district court did not ultimately agree with the result. *Lewis*, 281 F.3d at 1083, 1086 (affirming district court's denial of motion for attorney's fees where ALJ made specific findings regarding the petitioner's residual functional capacity and the "evidence was not entirely lacking in ambivalence"); *Hardisty*, 592 F.3d at 1080 (affirming denial of attorney's fees where the "adverse credibility finding was substantially justified because all of the inferences upon which it rested had substance in the record").[4]

---

[4] The Commissioner also cites cases in the context of summary judgment that are similarly unpersuasive here. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding that the ALJ provided "specific and legitimate reasons" for rejecting medical opinion and acknowledging that an ALJ must do so before rejecting the opinion of a treating physician); *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (affirming denial of disability insurance benefits where ALJ provided reasons for discounting opinions of certain doctors); *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (holding that the ALJ decision was supported by "substantial evidence" although ALJ did not discuss a certain medical review

1    Accordingly, the Court finds that the Commissioner has failed to meet her burden to show
2    that the government was substantially justified in defending the ALJ's determination.

### B.     The Fee Award May Be Payable to Counsel Directly

Plaintiff submits a signed fee assignment and requests that payment of the requested fee award be made directly to her counsel.  The Commissioner opposes, arguing the payment must be made directly to plaintiff under *Astrue v. Ratliff*, 560 U.S. 586, 590 (2010) and pursuant to the government's discretionary waiver of the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727.

In *Ratliff*, the Supreme Court held that EAJA fees are subject to offset if the prevailing party owes a government debt. *Ratliff*, 560 U.S. at 589, 592–93.  Therefore, "[w]hen a pre-existing government debt exists, EAJA fees are payable to plaintiff rather than plaintiff's attorney in order to satisfy the debt." *Yesipovich v. Colvin*, No. 15-CV-00112, 2015 WL 5675869, at *8 (N.D. Cal. Sept. 28, 2015).  By contrast, where the plaintiff does not owe a debt to the government and there has been a valid assignment of fees, courts in this District have recognized that *Ratliff* does not prevent payment of a fee award directly to an attorney.  *See, e.g., Potter v. Colvin*, No. 14-CV-02562, 2015 WL 7429376, at *4 (N.D. Cal. Nov. 23, 2015) (holding that payment of an EAJA fee award may be made directly to the attorney where there has been a valid assignment of fees and the plaintiff does not owe a debt to the government); *Yesipovich*, 2015 WL 5675869, at *8 (same); *Hampton v. Colvin*, No. 13-CV-04624, 2015 WL 1884313, at *7 (N.D. Cal. Apr. 23, 2015) (same).

Under the Anti-Assignment Act, a claim against "the United States may not be assigned to a third party unless [certain] technical requirements are met." *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015); 31 U.S.C. § 3727.  "[I]n modern practice, the obsolete language of the

---

because the court found that such evidence was "neither significant nor probative" and the ALJ discussed the neuropsychologist's report on which the review was based); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that the ALJ "gave sufficient reasons, supported by substantial evidence" for rejecting the treating physician's opinion); *Young v. Heckler*, 803 F.2d 963, 967–69 (9th Cir. 1986) (holding that the ALJ had substantial evidence to support conclusion regarding appellant's disability and made "specific findings discounting appellant's claims").

5

Anti-Assignment Act means that the Government has the power to pick and choose which assignments it will accept and which it will not." *Kim*, 806 F.3d at 1169–70. The Anti-Assignment Act "applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits." *Yesipovich*, 2015 WL 5675869, at *8.

Here, there is no information on whether plaintiff owes any debt to the government. Therefore, the EAJA fee shall be paid directly to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt and subject to the government's waiver of the requirements under the Anti-Assignment Act. *See id.*

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion for an award of attorney's fees is **GRANTED**. Plaintiff is entitled to an award of attorney's fees under the EAJA in the amount of $6,528.34, and costs as allowed by law. The government shall pay the fee directly to plaintiff's counsel Ms. McCabe, subject to the conditions previously stated.

This Order terminates Docket Number 31.

**IT IS SO ORDERED.**

Dated: September 13, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**