United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TERESA JEAN BEAL,**<br>Plaintiff**,**<br>vs.<br>**NANCY A. BERRYHILL,**<br>Defendant**.** | CASE NO. 14-cv-04437-YGR<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES IN LIGHT OF SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. Nos. 36, 41 |

Now before the Court is plaintiff Teresa Jean Beal's motion for attorney's fees pursuant to 42 U.S.C. section 406(b). (Dkt. No. 36 ("Fee Motion").) The government does not assent nor object to the fee request. (*See* Dkt. No. 37.)

**I. BACKGROUND**

Attorney Patricia L. McCabe represented plaintiff before this Court on appeal of her unsuccessful applications for disability insurance benefits claiming that plaintiff had been disabled since April 15, 2008. By Order dated November 10, 2015, the Court granted in part plaintiff's motion for summary judgment, granted in part defendant's motion for summary judgment, and remanded the case for further proceedings before the Administrative Law Judge ("ALJ"). (Dkt. No. 21.) On September 13, 2016, this Court awarded plaintiff $6,528.34 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. section 2412(d)(1)(A) ("EAJA"). (Dkt. No. 35.)

On remand, the ALJ issued a Fully Favorable Decision on March 24, 2017, finding plaintiff disabled and entitled to disability benefits as of April 15, 2008. (*See* Dkt. No. 41-1.) The Social Security Administration (the "Agency") subsequently sent plaintiff a Notice of Change in Benefits on October 23, 2017, stating that plaintiff would receive past-due benefits in the amount of $70,464.00. (Dkt. No. 36-4 at ECF 1.) The Agency withheld 25 percent of the total past-due benefits of $93,952.00, or $23,488.00, in the event plaintiff's counsel were to petition for

1 | attorney's fees.  (*Id*.; *see also* Dkt. No. 36-3 at ECF 3.)

2 | Plaintiff's counsel now seeks an award under 42 U.S.C. section 406(b) of $23,488.00 in attorney's fees.[1]  The fee award sought would be reduced by $6,528.34 in fees already awarded to counsel under the EAJA, to be credited back to plaintiff, for a net award of $16,959.66.

## II. LEGAL FRAMEWORK

Section 406(b) of the Social Security Act provides that when a plaintiff prevails on a judgment, the Court may allow a reasonable fee for the plaintiff's counsel, which can be no more than 25 percent of the plaintiff's entitlement to the total past-due benefits.  42 U.S.C. § 406(b)(1)(A).  The Court must review counsel's request for fees "as an independent check" to assure that the contingency fee agreement will "yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."  *Id*. at 808–09.

The Court should consider the character of the representation and the results achieved in making its determination.  *Id*.  This includes analyzing whether substandard representation justifies awarding less than 25 percent in fees; any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to the time spent on the case; and the risk counsel assumed by accepting the case.  *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).  An award of section 406(b) attorney's fees is offset by any award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

## III. ANALYSIS

In this case, the retainer agreement entitled plaintiff's counsel to a maximum of 25 percent of the back due benefits for successful work performed after remand.  (*See* Dkt. No. 31 at ECF 34

---

[1] Plaintiff's counsel has notified the ALJ and the Agency that she is not seeking any attorney's fees pursuant to 42 U.S.C. section 406(a).  (*See* Declaration of Patricia L. McCabe ISO Fee Motion, Dkt. No. 36-8 at ¶ 10 ("McCabe Decl.").)

("Retainer Agreement").)[2] In support of the Fee Motion, plaintiff's counsel has submitted, *inter alia*, a copy of the fee agreement with plaintiff, a declaration setting forth counsel's customary billing rates and experience, and a detailed schedule describing services rendered and total time spent on the case. (*See generally* McCabe Decl.; *see also* Dkt. No. 36-6.) The fee award would require plaintiff's counsel to pay back to plaintiff the $6,528.34 already awarded to counsel under the EAJA. *See Gisbrecht*, 535 U.S. at 796; *see also* McCabe Decl. at ¶ 7.

The Court finds that the amount of fees sought is reasonable. As an initial matter, the fee agreement between plaintiff and her counsel is within the statutory ceiling set by section 406(b). Namely, it provides that if plaintiff were to receive a favorable decision, plaintiff would pay counsel a fee no greater than 25 percent of her back due benefits. The Court further finds that the work performed by plaintiff's counsel was not insubstantial. Plaintiff's counsel was successful in having this matter remanded back to the Agency, which then granted a period of disability as of April 15, 2008. Plaintiff's counsel expended 45.75 total hours representing plaintiff before this Court, for an effective hourly rate of $513.39. (*See* Fee Motion at 5–6.)[3] An hourly rate of $513.39 for an attorney who has been practicing in matters of Social Security law since 1992 is not unreasonable. *See, e.g., Goodbar*, 2015 WL 6674548, at *1 (finding hourly rate of $772.09 for attorney with thirteen years of experience in Social Security law was reasonable). After review of the record, the Court finds that the requested attorney's fees are reasonable and do not constitute a windfall. *See Gisbrecht*, 535 U.S. at 789.

---

[2] In her response to the Court's order for additional briefing regarding the net attorney's fees requested (Dkt. No. 40), plaintiff's counsel explained that she inadvertently attached the wrong fee agreement to her Fee Motion (*see* Dkt. No. 41 at 3–4, 7). The Court is satisfied in light of counsel's response, and plaintiff's declaration in support of the same (Dkt. No. 42), that the operative fee agreement allows for an award of up to 25 percent of plaintiff's back due benefits.

[3] While plaintiff's counsel suggests that the Court should use the net award figure of $16,959.66 as the dividend for calculating the effective hourly rate, which would result in an hourly rate of $370.70, district courts tend to use the larger withheld figure as the dividend, here $23,488.00. *See, e.g., Devigili v. Berryhill*, No. 15-cv-02237-SI, 2017 WL 2462194, at *2 (N.D. Cal. June 7, 2017) (using withheld figure as dividend and finding effective hourly rate of $537.96 reasonable); *Goodbar v. Colvin*, No. 11-cv-04572-SI, 2015 WL 6674548, at *1 (N.D. Cal. Nov. 2, 2015) (using withheld figure as dividend and finding effective hourly rate of $772.09 reasonable).

## IV. CONCLUSION

In light of the foregoing, the Court **GRANTS** plaintiff's Fee Motion and awards fees in the amount of $23,488.00 pursuant to 42 U.S.C. section 406(b). The Court further directs the amount of $6,528.34, awarded previously and delivered to counsel under the EAJA, be credited to plaintiff and offset against this sum, for a net total attorney's fee under section 406(b) of $16,959.66. The Commissioner shall pay the attorney's fees to plaintiff's counsel out of the withheld amount within 30 days of the date of this Order.

This Order terminates Docket Number 36.

**IT IS SO ORDERED.**

Dated: March 14, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**